Act of 1880, Ch. 31 (Charter Sec. 632).

Act of 1890, Ch. 369 (Charter Sec. 632, as modified).

STATE EX REL JOHN E. CORNISH

VS.

WARDEN OF BALTIMORE CITY JAIL.

*A. P. Jump* for petitioner.

*William F. Campbell* for respondent.

HARLAN, C. J.—

The petitioner has been brought before the Court in obedience to the command of the writ of habeas corpus and return of the Warden of the Baltimore City Jail, to whom the writ was directed, shows that the petitioner is detained under the following commitment:

"STATE OF MARYLAND, CITY OF BALTIMORE, TO WIT:

"To the Warden of Baltimore City Jail, Greeting:

"WHEREAS, John E. Cornish (c) was on this day duly convicted before the undersigned, a justice of the peace of the State of Maryland in and for the city aforesaid, selected to sit at the Southern Station House, of violating Sec. 742, Art. 4, P. L. L. of Maryland, by having concealed on his person, when searched in the station house, a loaded revolving pistol, and it was thereupon adjudged that the said John E. Cornish (c) for the said offence should forfeit and pay the sum of $25 and $1.45 costs, and it was further adjudged that if said sums should not

be paid forthwith, the said John E. Cornish (c) should be further imprisoned in the said jail until such payment should be made or until he should be discharged by due course of law; and whereas, said John E. Cornish (c) has not paid such fine and costs, nor any part thereof, but therein has made default.

You are hereby commanded to receive from any officer the body of the said John E. Cornish (c) and him safely keep in your jail and custody until such fine and costs shall have been paid, or he be discharged in due course of law.

Given under my hand and seal this 18th day of November, 1892.

(Signed)    JACOB SCHENKEL,
(Seal)    Justice of the Peace."

This commitment is alleged to be defective in the following particulars: 1st Because it does not appear that the petitioner waived a jury trial. 2d Because it does not appear that the justice before proceeding to hear, try and determine the charge against the prisoner, informed him of his right to a jury trial, and 3d, Because the conviction recited does not show the commission of an offense justifying the imposition of the fine for the non-payment of which the petitioner was committed.

The *first* and *second* objections may be considered together. It cannot be doubted that under the Act of 1890, Ch. 369, vesting the justices selected to sit at the station houses in Baltimore City with summary jurisdiction to hear, try and determine the cases of persons charged with certain designated offenses, such justices have no jurisdiction if a jury trial is prayed by the accused, and that is the duty of the justice before proceeding to hear, try and determine any of said charges to inform the accused of his right to a jury trial, but it is no longer an open question, it seems to me, in this State that the waiver of such jury trial or the performance of such duty does not have to appear on the face of the commitment.

In the case of State vs. Glenn, 54 Md. 608, our Court of Appeals declares "that the doctrine is now perfectly well established that the construction of commitments in execution by magistrates or tribunals of special or lim-

ited jurisdiction, must be liberal in support of the lawfulness of the exercise of the jurisdiction when considered on returns to the writ of *habeas corpus*," and after adopting the rule announced in Rex vs. Rogers, 1 Dowl. & Ryl. 156, that "we are bound to presume until contrary is shown that there has been a good conviction, and that the magistrate has done everything required of him by law," say, "for instance, and as an illustration and application of the principle here decided, if the commitment of a magistrate acting under the Act of 1880, Ch. 31, should not state on its face that the party had failed to pray a jury trial (a privilege secured him by that act), no judge exercising authority under *habeas corpus* would be justified in discharging the party on that ground. *He would have no right to presume that the magistrate had not complied with the statute in all respects, and afforded the prisoner all the privileges to which he was entitled under the law.*"

The Act of 1880, Ch. 31, herein referred to by the Court, did not, as does the Act of 1890, Ch. 369, make it the *express* duty of the justice to inform the accused of his right to a jury trial, but the act was only cited in illustration of the rule declared, and the principle is of universal application.

It is proper, however, to call attention to the fact that the Act of 1890, Chapter 369, makes a distinction between the persons charged with assault and battery and persons charged with the other offenses covered by it; where the charge is assault and battery the justice has no jurisdiction to hear, try and determine, unless the accused "shall declare a willingness to waive the right of jury trial and abide by the determination of his case by said justice"; but in the other cases the justice has jurisdiction unless a jury trial is prayed, and I am not to be understood as deciding that if the offense appearing in the commitment were assault and battery it would not be necessary for the purpose of showing jurisdiction in the justice, that it should also appear therein that a jury trial had been waived.

But the *third* objection to the commitment seems to me to be well taken. The conviction is of "violating Section 742, Act 4, P. L. L. of Maryland, by having concealed on his person when searched in the Station House a loaded revolving pistol."

Now having concealed on his person when searched in the Station House a loaded revolving pistol is not a violation of the said Section. No person is liable to fine thereunder, unless he has been "*arrested in the City of Baltimore* charged with any crime or misdemeanor, or for being drunk or disorderly, or for any breach of the peace." and when "taken before any of the police justices of the said city, shall be found to have concealed about his person any pistol, &c." Certainly it cannot be successfully contended that the justice has jurisdiction to punish any one who has not been so arrested, so charged and brought before him, and this being so, it is clear that the commitment does not show with that "convenient certainty," which the law requires that the petitioner was convicted of an offense justifying the imposition of the fine, and he is accordingly entitled to be discharged.